**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAJI FOFANA, | No. 11-73851 |
| Petitioner, | Agency No. A078-675-778 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Haji Fofana, a native and citizen of Sierra Leone, petitions for review of a

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and review de novo claims of due process violations, *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that the murder of Fofana's mother was not persecution of Fofana. *See Wakkary*, 558 F.3d at 1060; *Echeverria-Hernandez v. INS*, 923 F.2d 688, 691 (9th Cir. 1991), *vacated on other grounds by Echeverria-Hernandez v. INS*, 946 F.2d 1481 (9th Cir. 1991) ("The death of one family member does not trigger a sweeping entitlement to asylum eligibility for all members of [the] extended family."). Further, substantial evidence supports the agency's finding that Fofana failed to demonstrate the incident in which rebels attempted to recruit him was on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992). Thus, we reject Fofana's contention that he had a rebuttable presumption of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). Substantial evidence also supports the agency's determination that Fofana failed to establish an objectively reasonable fear of future persecution by rebels in Sierra Leone now that the civil war is over. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003)

11-73851

(possibility of future persecution too speculative). We reject Fofana's contention that the agency did not conduct an individualized analysis of his claim, or that the agency violated due process in its analysis of his claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). We lack jurisdiction to consider any arguments Fofana raises regarding a pattern or practice of persecution and humanitarian asylum. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction to review contentions not raised before the agency). Consequently, his asylum claim fails.

Because Fofana failed to establish eligibility for asylum, he necessarily failed to meet the higher burden of proof for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's denial of CAT protection because Fofana failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Sierra Leone. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Contrary to Fofana's contention, the BIA properly analyzed his CAT claim.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**